FRANK L. HARVEY *vs.* FANNIE M. BROSS.

Hampden.   September 23, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Equity Pleading and Practice,* Decree. *Contract,* Performance and breach. *Waiver.*

The entry in a suit in equity of an order, which is called a "final decree," dismissing the bill while a bill of exceptions is pending can have no greater effect than an order for a decree.

In a suit in equity to enforce the specific performance of a contract to sell the plaintiff a certain farm for $5,000, where it appeared that by the terms of the contract the whole of the purchase money was to be paid in cash within ten days, there was evidence that the plaintiff tendered to the defendant a certified check for $1,000 on which were written the words "as part payment for farm bought for $5,000," that the plaintiff put this check on the defendant's desk with the defendant's knowledge, that the defendant refused to accept the check as a part of the purchase money and never deposited it, but retained it in his possession for nearly three weeks in the drawer of the desk until he took it out and carried it to his counsel, and that, after the ten days allowed by the contract for a cash payment had expired, the plaintiff tendered a certi-

fied check for $4,000 to the defendant, which the defendant refused. *Held*, that a finding was warranted that the defendant had not waived the requirement of payment in cash within ten days, and that the retention of the check with the writing thereon did not as matter of law constitute an acceptance of the contract with modified terms of payment.

BILL IN EQUITY, filed in the Superior Court on March 18, 1912, to enforce the specific performance of a contract alleged to have been made on February 27, 1912, to sell and convey to the plaintiff a certain farm in the town of Agawam.

In the Superior Court the case was tried before *Morton,* J. At the close of the evidence the plaintiff asked the judge to make the following rulings, besides two others which were made by the judge:

"1. Upon the law and the facts there must be a decree of specific performance."

"3. Any evidence of conversation tending to show an attempt to close some sort of bargain or contract after the twenty-sixth day of February, 1912, cannot be considered as a waiver of any contract entered into on or prior to February 26, 1912."

"5. Keeping the check dated February 26, 1912, payable to the defendant, in the sum of $1,000, and the memorandum therein contained, constitute an acceptance of the contract as a matter of law.

"6. The fact that the defendant consciously retained in her possession a check for $1,000, and the memorandum therein contained, constitutes an acceptance of the contract as a matter of law."

The judge refused to make these rulings. He made the following findings of fact and rulings:

"The plaintiff on February 16, 1912, wrote the defendant a letter asking for her lowest cash price for the property. On February 20, 1912, the defendant wrote the plaintiff that 'I would take just now, $5,000 for the place, cash, as I should like to use that amount. Let me know very soon if you think you want it. Remember I am giving you my lowest cash price for ten days consideration.'

"The plaintiff met the defendant at her home in New Jersey on February 27, and had some conversation with her about the price, offering some small amount to bind the bargain, which she

refused. Later he offered her a certified check for $1,000 on which the plaintiff had written 'as part payment for farm bought for $5,000.'

"The check was put by the plaintiff on the defendant's desk with her knowledge, and remained in her possession in the drawer of the desk until she took it out to carry it to Springfield, when she gave it to her counsel. She refused to accept the check, when it was put on the desk, as a part of the purchase price; she never deposited it or intended to deposit it, and later gave it to her counsel.

"In March, after the expiration of the ten days which the defendant gave the plaintiff to pay in cash for the property, the parties met in Springfield and had some further conversation about a sale of the property, reserving a portion thereof for the defendant's son, but no agreement was reached and the negotiations fell through.

"The plaintiff then tendered a certified check for $4,000, which was refused.

"The property was the only piece owned by the defendant in Agawam.

"I ruled that the two letters taken together in connection with the evidence that this was the only property owned by the defendant in Agawam, was a sufficient memorandum to satisfy the statute of frauds.

"The contract called for a payment of cash within ten days. The cash was not paid within ten days, nor did the evidence satisfy me that the defendant waived such payment by the acceptance of the check for $1,000, or otherwise.

"I ruled that the retention of the check for $1,000 under the circumstances stated did not constitute an acceptance of the contract as a matter of law.

"I find, therefore, for the defendant and dismiss the bill with costs."

The plaintiff alleged exceptions.

After the allowance of the bill of exceptions there was entered an order, called a final decree, ordering that the plaintiff's bill be dismissed with costs to the defendant taxed as in an action at law.

The case was submitted on briefs.

*H. W. Ely & J. B. Ely,* for the plaintiff.

*J. B. Carroll, W. H. McClintock & J. F. Jennings,* for the defendant.

BRALEY, J. The final decree dismissing the bill having been irregularly entered while the plaintiff's exceptions were pending, it can have no greater force than an order for a decree. *Prescott* v. *Prescott,* 175 Mass. 64, 68. *Boston & Maine Railroad* v. *Hunt,* 210 Mass. 128, 132. And the only question before this court for revision is, whether the decision of the presiding judge as matter of law was warranted by the evidence. *Kennedy* v. *Welch,* 196 Mass. 592.

The bill asks for the specific performance of a contract to sell and convey to the plaintiff a farm of about one hundred and fifty acres owned by the defendant, and the judge correctly ruled that the correspondence of the parties shown by two letters and the evidence as to the township where the land was located were sufficient to satisfy the R. L. c. 74, §§ 1, 2. *Nickerson* v. *Weld,* 204 Mass. 346, 354.

It was necessary for the plaintiff, however, to prove that he tendered performance on his part, and the evidence as to his compliance with the terms of the contract relating to payment of the purchase price was conflicting. *Sarkisian* v. *Teele,* 201 Mass. 596. The contract must be construed as calling for payment of the entire amount in cash within ten days. But the plaintiff, while conceding that he did not tender the money, contended and testified, that the defendant after the time had expired agreed to take, and accepted and retained, his certified check which purported on its face to be given in part payment for the farm. A mutual agreement that the time should be extended and the price paid by instalments undoubtedly could have been made, or from the defendant's course of dealing it might have been found that, not caring to insist on this provision, she had waived it. *Carpenter* v. *Pocasset Manuf. Co.* 180 Mass. 130. The defendant's denial, however, of any intention to depart from the literal requirements of the contract, or of any understanding that the check was to be treated as a partial payment, and her statement of the reasons why the check which she did not negotiate was retained for nearly three weeks, and then delivered to her counsel, were for the consideration of the trial judge in

connection with the plaintiff's testimony. The issue of waiver thus presented was one of fact. *Borden* v. *Fine,* 212 Mass. 425.

It is obvious from the judge's findings, which depended upon the view he took of the credibility of the parties, that in his judgment the plaintiff had failed to sustain the essential allegations of the bill. We cannot say there was no evidence to support his conclusion, and accordingly the first, third, fifth and sixth requests for rulings could not be given. The further ruling, that the retention of the check did not as matter of law constitute an acceptance of the contract with the modified terms of payment as of the date of the check, necessarily resulted from what he previously had found and ruled.

*Exceptions overruled.*