Rescript Opinions.

SHIRETOWN GLASS & ALUMINUM, INC. *vs.* JOHN R. HAMILTON, JR., trustee. March 16, 1977. There was no error in the allowance of the defendant's motion for judgment or in the entry of judgment. The record clearly shows that the plaintiff (1) was not the same party listed on documents filed pursuant to G. L. c. 254, § 10, to establish a subcontractor's lien and (2) failed, despite ample opportunity, to seek to amend its complaint once the defendant's answer signalled the discrepancy. Inasmuch as the plaintiff had more than six months between the time of the defendant's answer and the entry of judgment to seek leave to amend its complaint, we see no reason to reward its dilatory conduct by permitting it to amend now. The judgment is affirmed with double costs.

*So ordered.*

*Richard M. Serkey* for the plaintiff.
*Melvin Thorner* for the defendant.

COMMONWEALTH *vs.* JAMES KLAGGE. March 21, 1977. As the defendant's counsel conceded at argument, this case is governed by the rulings made in *Commonwealth* v. *Genest,* 371 Mass. 834, 836-838 (1977), which was not decided until after counsel had filed his brief in this case.

*Judgment affirmed.*

*William P. Homans, Jr.,* for the defendant.
*W. James O'Neill,* Assistant District Attorney, for the Commonwealth.

L. R. MACALISTER *vs.* PATRICIA ZEIS THOMAS. March 22, 1977. The contention of the defendant (Thomas) that the recovery by the plaintiff, MacAlister (the builder), in his action for breach of a construction contract should be offset by the value of various elements of damage to Thomas, evidence of which the trial judge excluded (or in the alternative that Thomas should be given a new trial at which the value of those elements could be introduced), was vitiated by the jury's verdicts on the builder's claims and on Thomas' counterclaim for breach of the same contract. (See Mass.R.Civ.P. 13, 365 Mass. 758 [1974].) The jury found for the builder on his claim for breach of contract (as well as on a quantum meruit); similarly, the jury found for the builder on Thomas' counterclaim (rather than for Thomas in a nominal amount; see *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.* 344 Mass. 632, 636 [1962]; *Three-Seventy Leasing Corp.* v. *Ampex Corp.* 528 F. 2d 993, 998 [5th Cir. 1976]). Thus, the jury having found that there was no breach of contract by the builder, Thomas was not entitled to damages in any amount; and the exclusion of the offered testimony became immaterial.

*Judgment affirmed.*

*Wendy S. Harrison* for the defendant.
*William P. DeCarolis,* for the plaintiff, submitted a brief.