KAREN CONSTRUCTION CO., INC. *vs.* BARBARA A. LIZOTTE, trustee[1].

Worcester. May 7, 1985. — November 5, 1985.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil,* Appeal, Instructions to jury, Failure to make objection. *Rules of Appellate Procedure. Error,* Harmless. *Damages,* Interest. *Interest.*

In a civil action in which sixteen days after entry of judgment the plaintiff had filed a motion entitled, "Motion to Alter Judgment as to Interest Only and to Assess Attorney's Fees," and the defendant had filed a notice of appeal from the judgment forty-three days after entry of judgment, apparently believing that the plaintiff's "Motion to Alter Judgment" was brought under Mass. R. Civ. P. 59 (e) and thus tolled the appeal period, rather than under Mass. R. Civ. P. 60, which did not, the judge was warranted in finding "excusable neglect" under Mass. R. A. P. 4 (c) and in denying the plaintiff's motion to dismiss the appeal as untimely. [145-146]

At the trial of an action by a builder to recover payment under a contract for the construction of a building and a counterclaim by the owner of the building seeking damages for defective workmanship, there was no reversible error in the exclusion of evidence of the owner's damages, where the jury's finding for the builder on the owner's counterclaim rendered the issue of damages immaterial. [147]

Where at the trial of an action by a builder to recover payment under a construction contract the judge did not instruct the jury regarding the assessment of prejudgment interest and did not ask them to find the date of the breach of contract, where the record did not show that the plaintiff had requested the judge to instruct the jury on this issue, and where following return of a general verdict for the plaintiff the court clerk, pursuant to G. L. c. 231, § 6C, assessed interest at the rate of twelve percent on the jury's award from the date the complaint was filed, the plaintiff was not entitled after entry of judgment to have interest assessed from the alleged date of the breach and at the eighteen per cent rate provided in the contract. [147-149]

[1] Trustee of Main Street Realty Trust.

CIVIL ACTION commenced in the Milford Division of the District Court Department on October 26, 1981.

On appeal to the Superior Court Department, the case was tried before *James P. Donohue,* J., and a motion to alter judgment was heard by him.

A motion to dismiss an appeal was heard by *Herbert F. Travers, Jr.,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Russell S. Chernin* for Karen Construction Co., Inc.

*Kuson J. Haddad,* for Barbara A. Lizotte, submitted a brief.

LIACOS, J. This action in contract originated in the Milford Division of the District Court, was removed to the Superior Court, and then transferred back to the District Court where judgment issued in favor of the plaintiff, Karen Construction Co., Inc. (builder). In accordance with G. L. c. 231, § 102C (1984 ed.), the case again was removed to the Superior Court for a trial de novo. The case was tried before a jury on the plaintiff's complaint and the defendant's (owner) counterclaim. The jury found for the builder in the amount of $4,088.14, and for the builder, the defendant in counterclaim. On March 6, 1984, a judge in the Superior Court entered a judgment in accordance with the jury verdict in favor of the builder on the complaint and a judgment against the owner on her counterclaim. The clerk of court assessed interest on the jury's award from the date the complaint was filed at the statutory rate of 12%. G. L. c. 231, § 6C (1984 ed.). On March 22, 1984, the builder filed a motion to alter judgment and to assess attorney's fees. The motion was denied. On April 18, 1984, forty-three days after judgment entered, the owner filed a notice of appeal. The builder moved to dismiss the owner's appeal as untimely filed. This motion also was denied. The builder filed a cross-appeal from the denial of its postjudgment motion to alter judgment. We transferred the case to this court on our own initiative.

There was evidence warranting the jury's findings as follows. According to a written contract with owner, the builder

agreed to furnish and erect for the owner, a preengineered building for $55,950. The contract price was to be paid in seven instalments as the work progressed. The first four stages of work were completed and payment tendered without incident. When the builder requested payment for the fifth stage, erection of the walls, the owner tendered to the builder $2,000 of the $3,000 specified in the contract. The builder proceeded to complete the sixth stage, the liner panel. Subsequently, the builder sent the owner an invoice for the sixth instalment of $3,000 and for the seventh and final instalment of $1,000, though the last stage of the project, the punch list, was never completed. The owner failed to pay either the $1,000 balance due on the fifth instalment or the sixth and seventh instalments, arguing that the builder had erected the building in a defective and unworkmanlike manner.

The owner argues on appeal that the trial judge erred in excluding evidence of damages in support of her counterclaim. The builder contends that the owner's appeal should have been dismissed as untimely. The builder also argues that the judge erred in denying its motion to alter judgment because (1) interest on the jury's award should have been assessed from September 25, 1980 (the alleged date of the breach), rather than from the date of the complaint and at 18% rather than at 12%, and (2) attorney's fees should have been awarded.

1. *Timeliness of the Owner's Appeal.*

Massachusetts Rule of Appellate Procedure 4 (a), as appearing in 378 Mass. 924 (1979), requires, inter alia, that notice of appeal in civil cases be filed within thirty days of the date of the entry of the judgment. A motion to alter or amend judgment, brought pursuant to Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), tolls the running of the thirty-day appeal period, but a motion for relief from judgment brought under Mass. R. Civ. P. 60, 365 Mass. 828 (1974), does not toll the appeal period.

The owner filed a notice of appeal forty-three days after judgment entered, apparently believing that the builder's "Motion to Alter Judgment as to Interest Only" was brought under

Mass. R. Civ. P. 59 (e) and thus tolled the appeal period.[2] The judge denied the builder's motion to dismiss the owner's appeal as untimely. He granted the owner, nunc pro tunc, an extension of time for filing notice of appeal under Mass. R. A. P. 4 (c), as appearing in 378 Mass. 924 (1979),[3] finding excusable neglect attributable to a misunderstanding of the effect of the builder's posttrial motion.

In construing the "excusable neglect" requirement of Mass. R. A. P. 4 (c), we stated in *Feltch* v. *General Rental Co.,* 383 Mass. 603, 613-614 (1981), that mistakes of counsel regarding the meaning of a rule may not justify relief. We also have stated, however, that "[w]hile the new rules [of appellate procedure] still include many time limitations for doing specified acts, they also include provisions giving the courts broad discretion and authority to permit a deserving party, on a showing of 'excusable neglect' . . . to prosecute an appeal notwithstanding his failure to comply with a procedural time limitation." *Giacobbe* v. *First Coolidge Corp.,* 367 Mass. 309, 315-316 (1975). Given the broad discretion granted to the judge in this matter and the opportunity he had to hear counsel's argument, we cannot say that he abused his discretion in denying the builder's motion to dismiss the owner's appeal.[4]

---

[2] The builder's posttrial motion was entitled, "Motion to Alter Judgment as to Interest Only and to Assess Attorney's Fees," which is similar to the language used in rule 59 (e): "Motion to Alter or Amend a Judgment." However, the plaintiff filed the motion sixteen days after judgment entered; a rule 59 (e) motion must be filed within ten days of the entry of judgment.

[3] Rule 4 (c) states, in part: "Upon a showing of excusable neglect, the lower court may extend the time for filing notice of appeal by any party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this rule."

[4] Confusion sometimes arises regarding the characterization of posttrial motions to amend judgments. See *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Comm'n,* 394 Mass. 233, 234-237 (1985), for a discussion of the proper treatment of a postjudgment motion where doubt exists as to whether it is a rule 59 (e) or rule 60 motion. The instant case, however, falls under the rule of *Worsnop* v. *Texaco, Inc.,* 386 Mass. 1005 (1982), where we held that the clerk's allegedly erroneous addition of prejudgment interest was the proper subject for a motion under Mass. R. Civ. P. 60 (a). "[T]he ministerial nature of the clerk's act [is not] affected by the fact that the question of prejudgment interest, if raised at trial, could have been the subject of a ruling of law by the judge." *Id.* at 1006

## 2. *Exclusion of Evidence of Damages.*

In count 2 of her amended counterclaim, the owner alleged that the builder's negligent construction of the building caused the roof to leak resulting in water damage to the owner's property. At one point during the trial, the judge excluded testimony as to the dollar amount of that damage. Other testimony was admitted as to the water damage sustained by the owner, though none of this testimony placed a dollar figure on the amount of damage. The judge instructed the jury that if they found that the builder was negligent and the owner damaged thereby, they should "make a determination as to how much money would adequately and reasonably and fairly compensate [the owner] for those damages." The owner argues that the exclusion of testimony of the nature and amount of damages was reversible error. We disagree. In finding against the owner on her counterclaim, the jury determined that the builder was not liable to the owner. Thus, the issue of damages due the owner became immaterial. Since the jury's finding in favor of the builder as to the counterclaim meant that the builder either was not negligent or its negligence did not cause the owner's damages, the owner was not entitled to damages, and the excluded testimony was rendered immaterial. See *MacAlister* v. *Thomas,* 5 Mass. App. Ct. 798 (1977).

## 3. *Interest and Attorney's Fees.*

The builder introduced in evidence the written contract between it and the owner. The contract required the owner to pay interest on past due accounts at 18% per month and to pay reasonable attorney's fees charged the builder in its enforcement of the contract.[5] Following the return of a general verdict

---

[5] Article 19 of the contract provides: "Interest shall be charged and paid by the Owner on all past due accounts at the rate of one and one half (1½) percent per month and in case it becomes necessary to employ an attorney to enforce the terms of this contract against the owner, it is agreed the owner will pay a reasonable attorney's fee plus other legal expenses and otherwise indemnify the contractor against all loss growing out of this contract." Article 17 of the contract requires the owner to make payments within ten days of billing. We assume, for purposes of discussion, that the builder is correct in arguing that noncompliance with these clauses constitutes a "breach" of the contract.

in favor of the builder, the court clerk, pursuant to G. L.
c. 231, § 6C, assessed interest at the rate of 12% on the jury's
award from the date the complaint was filed.[6] The builder now
argues that the date of breach of the contract (September 25,
1980) was established as was the contractual rate of 18% and
therefore its motion to alter judgment so as to assess interest
from September 25, 1980, at 18% should have been allowed.[7]
We disagree.

The record indicates that the judge did not instruct the jury
regarding the assessment of prejudgment interest. He did not
ask them to find the date of the breach. The judge charged the
jury that, in order to find for the plaintiff, they had to find
that (a) there was a contract between the parties; (b) the defend-
ant breached the contract; and (c) the plaintiff suffered damages
as a result of the breach. There was no reference in the charge
to the question of the jury's fixing the date of the breach; nor
was the issue whether the owner's failure to pay within ten
days of receipt of the invoices (see note 5, *supra*) could con-
stitute the basis of the jury's finding that there was a breach
of the contract. While the record shows that the builder may have
requested jury instructions, the instructions requested are not part
of the record before us, and the record does not show that

---

[6] General Laws c. 231, § 6C, reads: "In all actions based on contractual
obligations, upon a verdict, finding or order for judgment for pecuniary
damages, interest shall be added by the clerk of the court to the amount of
damages, at the contract rate, *if established,* or at the rate of twelve per
cent per annum from the date of the breach or demand. If the date of the
breach or demand is not *established,* interest shall be added by the clerk
of the court, at such contractual rate, or at the rate of twelve per cent per
annum from the date of the commencement of the action" (emphasis
supplied). The plaintiff has made no claim that interest should be awarded
at the rate of 18% from the date of the commencement of the action, or
argued the basis on which 18% would be supported from that date.

[7] In its motion to alter judgment, the builder also requested the assessment
of attorney's fees and submitted an affidavit from its counsel stating the
hours spent on the case. In its brief, the builder devotes one sentence to
the attorney's fees issue. We consider such treatment "an insufficient appel-
late argument" and, therefore, deem it waived. *Tobin* v. *Commissioner of
Banks,* 377 Mass. 909, 909 (1979). See Mass. R. A. P. 16 (a) (4), as
amended, 367 Mass. 919 (1975).

the builder objected to the judge's failure to instruct on the issue of fixing the date of the breach of the contract.[8] See Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974). When no objection is taken to the failure of a judge to give an instruction, and the attention of the judge is not called to the matter, such failure cannot be raised on appeal. See *Weeks* v. *Harbor Nat'l Bank,* 388 Mass. 141, 146-147 (1983); *Hoyt* v. *Kennedy,* 170 Mass. 54, 55 (1898); *Zedros* v. *Kenneth Hudson, Inc.,* 11 Mass. App. Ct. 1007, 1008 (1981). The plaintiff urges this court to reverse the denial of its motion and to alter the judgment to assess interest at 18% from September 25, 1980. The plaintiff apparently misunderstands the role of an appellate court. A trial has proceeded before a jury. The date of an alleged breach is a question of fact for the trier of fact. See *Harvey* v. *Bross,* 216 Mass. 57, 60-61 (1913); *Palmiero* v. *Spada Distrib. Co.,* 217 F.2d 561, 565 (9th Cir. 1954). Neither this court nor the trial judge is permitted to determine when the breach occurred.[9] Cf. *Ward* v. *American Mut. Liab. Ins. Co.,* 15 Mass. App. Ct. 98, 101 (1983). Compare *Cesco Mfg. Corp.* v. *Norcross, Inc.,* 7 Mass. App. Ct. 837, 839, 845 (1979) (trial judge, sitting without jury, applied G. L. c. 231, § 6C, provision and awarded interest from date of breach). See *Morris* v. *Watsco, Inc.,* 385 Mass. 672, 677 n.7 (1982).

The denial of the plaintiff's motion to alter judgment is affirmed, the denial of the motion to dismiss the defendant's appeal is affirmed, and the judgment is affirmed.

*So ordered.*

---

[8] The plaintiff makes no claim in its brief that it requested the jury be asked to fix the date of the breach by a special verdict or by a general verdict accompanied by answer to interrogatories. See Mass. R. Civ. P. 49, 365 Mass. 812 (1974).

[9] Distinguishable from this case are those cases where the issue of the rate and computation of interest is purely a question of law. See, e.g., *Verrochi* v. *Commonwealth,* 394 Mass. 633 (1985) (construing date of applicability of 1981 amendment to G. L. c. 79, § 37, determining the rate of interest on eminent domain award); *Porter* v. *Clerk of the Superior Court,* 368 Mass. 116 (1975) (determining the applicability of an amendment to G. L. c. 231, § 6B, changing the rate of interest in tort cases).