Garsh, J.
Following a jury verdict in favor of the plaintiff, Charles Adams (“Adams”), for breach of contract, Adams requested that the court order final judgment to enter with prejudgment interest from the date of each breach for which damages were awarded. With respect to the contract for sales commissions, those dates are alleged to be the final date of each fiscal year or such shorter time period for which the jury awarded damages. With respect to the contract for payment of a finder’s fee, the date of the breach is alleged to be the date that the entity found by Adams first invested into the company that employed Adams. Alternately, the plaintiff requests that interest be awarded from February 23,1993, the date of an alleged demand. The defendants, Delphi Internet Services Corp. and News America Holdings, Inc. (collectively referred to herein as “Delphi”), contend that interest should be calculated from the date this lawsuit was filed. For the following reasons, plaintiffs request that prejudgment interest be calculated from the date of the breach, or alternatively from the date of demand, is DENIED.
BACKGROUND
The jury found that Adams and Delphi had entered into a contract to pay Adams eleven per cent sales commissions and a contract to pay Adams a five per cent finder’s fee. The jury also found that Delphi breached each of these contracts. In response to being asked to “state the amount of money that Delphi Internet Services Corp. owes to Charles Adams as a result of its agreement to pay sales commissions to Charles Adams,” the jury set out separate dollar amounts for each of the following time periods: March 27, 1984 — April 30, 1984; May 1, 1984 — April 30, 1985; May 1, 1985 — April 30, 1986; May 1, 1986— April 30, 1987; May 1, 1987 — April 30, 1998; May 1, 1988 — April 30, 1989; May 1, 1989 — October 5, 1989; October 6, 1989 — April 30, 1990; May 1, 1990 — April 30, 1991; May 1, 1991 — April 30, 1992; and May 1, 1992 — April 30, 1993. In addition, the jury awarded damages in response to being asked to state the amount of money that Delphi owes to Adams as a result of its agreement to pay a finder’s fee to Adams. The aggregate amount awarded by the jury is $2,969,372.18. The jury had evidence that, on February 23, 1993, Adams, through an attorney, wrote to Delphi enclosing a draft of a complaint and stating that he intended to file suit “utilizing this or a subsequent Complaint.” The draft complaint was not an exhibit.
The contracts giving rise to the damages awarded by the jury did not contain an express date on which payments were required to be made by Delphi. Without objection, the jury was instructed that when a contract does not specify the time for performance, a party has a reasonable period of time in which to perform. The plaintiff did not request that the jury be instructed to determine the exact date of each breach; no such instruction was given, and the plaintiff did not object. The plaintiff submitted proposed special questions to be answered by the jury; those questions, like those that went to the jury, merely sought a determination as to the amount owed to Adams. The plaintiff did not object to the special questions that went to the jury. The plaintiff also did not object to the jury being charged; “When you answer question five, there are spaces for several different amounts — first, for the amount of commissions, if any, owing for each year in the period from March 27, 1984 to October 5, 1989, and, second, for the total amount of commissions, if any, owing for each year in the period from October 6, 1989 through March 1, 1995.”
DISCUSSION
The governing statute provides that interest shall be added in contract actions to the amount of damages from the date of the breach or demand, and if the breach or demand is not established, then interest shall be added from the date of the commencement of the action. G.L.c. 231, §6C. Adams argues that the jury implicitly determined the timing of when Delphi breached its agreements by virtue of the breakdown of damages with respect to the commission contract and by virtue of the evidence before the jury that the investor found by Adams first invested in Delphi on April 1, 1991. It does notfollow, however, thatDelphi’s breach or breaches of the commission contract coincided with the dates upon which the plaintiff performed under that contract. The jury found no more than that certain sums of money are today owed to Adams for his performances over a period of several different years. Similarly, it does not follow that the jury verdict as to the amount owing under the finder’s fee contract compels the conclusion that the jury determined that such amount was due and payable on April 1,1991. The fact that money is owed by Delphi because Adams performed his obligations under both *236 contracts does not disclose when Delphi’s obligation to pay that money arose.
The plaintiff does not explain why the only inference that can be drawn is that the juiy determined that there are several dates on which the commission contract was breached corresponding to the last day of each period of time specified in question 5. These periods of time facilitated the calculation of damages because the figures in evidence upon which the plaintiff was basing his damages were fiscal year figures; they did not purport to correlate with the date or dates of any breach. Why was the contract to pay commissions not breached each month after commissions were earned? Or each week? Why was the contract to pay commissions not breached some reasonable time after the close of each fiscal year? Why was it not breached for the first time when Delphi had funds to pay such commissions and did not need to plow back income into the company to survive? On what logical basis can it be assumed that October 5, 1989 was a date of any breach? That date was included on the verdict slip as the ending date of one of the time frames only because Delphi claimed that the plaintiff was barred by laches from recovering damages for the period before October 6, 1986. The plaintiff also does not explain why the only inference that can be drawn is that the jury determined that all amounts owing under the finder’s fee contract became due on April 1, 1991, a date found nowhere on the verdict slip. Why was the finder’s fee contract not breached on each of the days that investments were made? The juiy had evidence that the entity found by Adams made more than one investment in Delphi.
At trial, Adams introduced no writing that set forth a date or dates or exact times (i.e. on the last day of the fiscal year or the day when an investor found by the plaintiff first contributed capital to Delphi) upon which payment was required to be made by the defendant. Adams himself never pinpointed a precise date of breach.[1] There was evidence that Delphi was a start-up company that was not profitable for several years and that Adams, after entering into the commission contract at issue, did not then seek payment of any commissions at the close of each fiscal year.
The exhibit constituting the alleged “demand” that was introduced at trial does not advise Delphi of the extent of the obligation claimed by Adams. Whether the extent of the obligation claimed by Adams may have been disclosed in the draft complaint forwarded to Delphi is irrelevant since that document was not made an exhibit.
Where the date of breach or demand has not been sufficiently established at trial, damages should be awarded from the date on which the suit was filed. Zimmerman v. Bogoff, 402 Mass. 650, 663 (1988) (where case heard without a juiy and trial court made no finding as to date of breach or demand, interest properly calculated from date of commencement of action). See also Starr v. Fordham, 420 Mass. 178, 194-95 (1995). For purposes of G.L.c. 231, §6, a “demand” has taken place “if the party charged is informed ‘of the basis and extent of its obligation, as well as the fact that performance [is] then due.’ ” General Dynamics Corp. v. Federal Pacific Electric Co., 20 Mass.App.Ct. 677, 687 (1985), citing Lexington v. Bedford, 387 Mass. 562, 576 (1979).
Even if there were sufficient evidence from which the jury could have determined the date of each breach or of demand, Adams would not be entitled to have prejudgment interest calculated from a date earlier than the filing of his complaint. This case was tried to a juiy. “The date of an alleged breach is a question of fact for the trier of fact.” Karen Construction Co., Inc. v. Lizotte, 396 Mass. 143, 149 (1985) (court properly awarded interest from date of complaint where the jury was not instructed regarding the assessment of prejudgment interest, the juiy was not asked to determine the date of the breach, and the claimant did not object to the failure to give such an instruction). This court has no authority to determine when the breach or demand occurred. In Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 125 (1986), the Supreme Judicial Court reiterated that establishing the date of breach or of demand is for the trier of fact. The Court held that interest was correctly calculated from the date the claim was filed where the date of demand had not been established by the jury and the claimant did not object to the trial judge’s failure to instruct the jury to do so. Id. at 126. The fact that special questions were asked in the instant case does not render Deerskin inapposite because the special questions that were posed did not ask the jury to establish the date of breach or demand.
An examination of the special questions demonstrates that the jury did not determine the dates on which Delphi breached its contracts with Adams and did not determine the date of demand. Nothing in the charge, which Adams did not object to, requests that the jury make that determination. Accordingly, the plaintiff is not entitled to entry of judgment in the form that he has proposed or in the alternate form requested that would calculate interest from February 23, 1993. Pursuant to G.L.c. 231, §6C, interest shall be added by the clerk of court from October 6, 1995, the date on which this action was commenced.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs request for entry of judgment in the amount of $5,757,909.65 plus costs be DENIED, and it is further ORDERED that judgment shall enter in the amount of $2,969,372.18 plus interest at the statutoiy rate from October 6, 1995 plus costs.

 Given Adams’ failure to request that Delphi actually pay commissions to him after the contract was entered into, it may very well have been in Adams’ interest not to establish the exact date of the breach as the last day of each fiscal year. Such a determination may have significantly weakened *237 Adams’ defense to Delphi’s claim of waiver. The court charged the jury, without objection, that waiver may be manifested either by words or acts, including unexplained delay in the enforcement of a contract and acquiescence in nonperformance of the contract. The longer the period of delay or acquiescence, the greater was the risk that the jury would find waiver.