Brennan, J.
Defendant Gary LeBlanc (“LeBlanc”) has appealed the denial of his motion to correct the trial court’s judgment in his favor by increasing the prejudgment interest and adding costs.
On February 25, 2008, Migdalia Morgan (“Morgan”), the plaintiff-buyer, sued LeBlanc, the defendant-seller, for breach of the parties’ agreement for the purchase and sale of land in Gardner, Massachusetts. Morgan alleged that LeBlanc failed to perform certain repairs to the property before closing, which entitled Morgan to a $5,000.00 sales price reduction. LeBlanc counterclaimed, alleging that he had fully performed, and that Morgan breached the agreement by failing to pay the full purchase price. The disputed $5,000.00 was placed in escrow after the closing.
After a jury-waived trial, the trial judge ruled in favor of LeBlanc on both the complaint and his counterclaim, and awarded LeBlanc $5,000.00, plus statutory interest. The trial court clerk calculated prejudgment interest from the date the complaint was filed, February 25,2008, and added that $772.60 in interest, but no costs, to the judgment entered for LeBlanc on June 9, 2009.
On June 15,2009, LeBlanc moved to correct the judgment on the grounds that he was entitled to $320.01 in costs, and that prejudgment interest should have been assessed from the earlier date of Morgan’s breach, namely, the closing on June 14, 2005. The trial court’s denial of that motion is the subject of this appeal.
Rule 60(a) of the Mass. R. Civ. P. “permits parties to amend ‘[cjlerical mistakes in judgments ... arising from oversight or omission,”’ Haskell v. Versyss Liquidating Trust, 75 Mass. App. Ct. 120, 130 (2009), quoting Mass. R. Civ. P., Rule 60(a), including mistakes in the computation of interest. M.B. Claff, Inc. v. Massachusetts Bay Transp. Auth., 441 Mass. 596, 602 (2004) (“[Rjule 60(a) has been identified as an appropriate avenue of relief to correct errors in the calculation of interest); Karen Constr. Co. v. Lizotte, 396 Mass. 143, 146 n.4 (1985) (clerk’s erroneous calculation of prejudgment interest from date of complaint filing, rather than date of breach, proper subject for Rule 60(a) motion).
The governing statute, G.L.c. 231, §6C, provides in pertinent part:
In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages... from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court... from the date of the commencement of the action....
*153 In his written decision in favor of LeBlanc on both the complaint and LeBlanc’s counterclaim for breach of contract, the trial judge found that (1) Morgan was entitled to a $5,000.00 sales price reduction under the purchase and sale agreement only upon a determination by an inspector, “within seven days of the closing,” that LeBlanc had failed to make promised repairs, (2) Morgan had failed to secure such an inspection, and (3) Morgan thus breached the agreement by failing to pay the full purchase price. While the trial judge did not make a specific finding of the date of breach, his determination that Morgan had breached the contract by failing to pay the full purchase price at the closing necessarily included the subsidiary finding that the date of breach was the date of the closing. It is undisputed that the closing took place on June 14, 2005. See Starr v. Rubenstein, 2004 Mass. App. Div. 124, 127. LeBlanc was entitled to prejudgment interest calculated from that date.
LeBlanc also correctly argues that, as the prevailing party, he was entitled to litigation costs. His costs, supported by affidavit, were routine: $314.28 in constable fees and $5.73 in service fees. Such, costs are recoverable under G.L.c. 261, §1 and Mass. R. Civ. E, Rule 54(d) as a matter of course.[1] Reliance Nat'l Ins. Co. v. Sears, Roebuck & Co., 58 Mass. App. Ct. 645, 649 (2003).
Accordingly, the trial court’s judgment is vacated and the denial of LeBlanc’s Rule 60(a) motion to correct the judgment is reversed. The trial court clerk shall calculate prejudgment interest from the date of breach, June 15, 2005, and shall add that interest, plus $320.01 in costs, to the $5,000.00 in damages awarded by the trial court. A new judgment in that total amount shall then be entered for LeBlanc.
So ordered.

 Section 1 of G.L.c. 261 states: “In civil actions the prevailing party shall recover his costs, except as otherwise provided.” Rule 54(d) of the Mass. R. Civ. P. states: “Except when express provision therefor is made either in a statute of the Commonwealth or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs....”