NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-662

MICHAEL NWOZUZU

vs.

SAFETY INSURANCE COMPANY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Michael Nwozuzu, appeals from a judgment entered in favor of the defendant, Safety Insurance Company (Safety).  In 2017, the plaintiff's vehicle sustained damage in an accident.  The plaintiff, who had an automobile insurance policy with Safety, asserted that the damage occurred while his vehicle was parked.  The vehicle was towed to an auto repair shop, which produced an initial repair estimate of $2,050 for repairs to the front passenger's side of the vehicle.  The following month, the auto repair shop discovered damage to the vehicle's undercarriage and produced an additional estimate of $5,572 to repair this damage.  Citing the conflict between the damage to the vehicle's undercarriage and the plaintiff's claim

that his vehicle was hit while parked, Safety sent a letter denying the claim. It stated: "Your failure to provide us with factual information in regards to this loss is considered non-cooperation under this policy and thus voids any recovery under said policy."

The plaintiff filed suit in the Superior Court. His claims for breach of contract and violation of the implied covenant of good faith and fair dealing were tried before a jury, which returned a verdict for Safety. The judge reserved the plaintiff's claim under G. L. c. 93A and c. 176D to himself, took supplemental evidence at a bench trial, and issued written findings of fact and rulings of law. The judge concluded that the plaintiff's demand letter failed to comply with the requirements set forth in G. L. c. 93A, § 9, and also that Safety "complied with its policy obligations and did not violate Chapter 93A by denying plaintiff's claim based on his frustration of the duty to cooperate." We affirm.

Discussion. 1. Evidentiary issues. The plaintiff makes several arguments challenging the judge's evidentiary rulings. We review an evidentiary ruling for an abuse of discretion, recognizing that a trial judge "has broad discretion to make evidentiary rulings, and substantial discretion to determine whether evidence is relevant" (quotation and citations omitted). Laramie v. Philip Morris USA Inc., 488 Mass. 399, 413 (2021).

An abuse of discretion occurs "where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives." Luppold v. Hanlon, 495 Mass. 148, 154-155 (2025), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The plaintiff contends that the judge erred by allowing Daniel Parkka, an expert in accident reconstruction retained by Safety, to testify about the findings and opinions of Charles Schack, another accident reconstruction expert who was unable to testify at trial. Because the plaintiff did not object to Parkka's testimony at trial, however, the issue is waived. Freyermuth v. Lutfy, 376 Mass. 612, 616 (1978) ("The consequence of the failure to object is to waive the objection to the testimony"). We further note that Parkka did not in fact testify based on Schack's opinions, but rather, as the judge found, "reached an independent assessment and provided expert testimony" based on his review of the appraisals and photographs of the vehicle.

The plaintiff contends that the vehicle photographs should not have been admitted in evidence because they were not authenticated.[1] We disagree. "[T]he authenticity of a

---

[1] At trial, the plaintiff also objected to the photographs as inadmissible hearsay, but trial exhibits 15 and 17 consisted

3

photograph is a preliminary question of fact for resolution by the trial judge," and "[i]n making that preliminary determination, the trial judge, with certain exceptions not here relevant, is not bound by the rules of evidence." Commonwealth v. Figueroa, 56 Mass. App. Ct. 641, 646 (2002). "Authenticity is usually proved by testimony of a witness either '(1) that the thing is what its proponent represents it to be, or (2) that circumstances exist which imply that the thing is what its proponent represents it to be.'" Commonwealth v. Williams, 456 Mass. 857, 868 (2010), quoting Commonwealth v. Nardi, 452 Mass. 379, 396 (2008). Here, the photographs in trial exhibit 15 were admitted after Safety's auto claims manager testified that an appraiser took the photographs in the course of inspecting the vehicle and sent them to Safety, where they were integrated into Safety's filing system. The photographs in trial exhibit 17 were admitted after the auto claims manager testified that they were taken by Schack as he prepared his report. Because this testimony provided sufficient circumstantial authentication of the accuracy of the photographs, the judge did not abuse his discretion in allowing them in evidence. See Commonwealth v. Cruz, 445 Mass. 589, 592 (2005), quoting Commonwealth v. Waters,

of photographs without captions or other text. Photographs without text are not statements and, therefore, not hearsay. Commonwealth v. Ubeda, 99 Mass. App. Ct. 587, 595 (2021).

4

399 Mass. 708, 715 (1987) ("Decisions about the admissibility of photographic evidence are 'left to the discretion of the trial judge, and we will overturn the judge's decision only where a defendant is able to bear the heavy burden of demonstrating an abuse of that discretion'").

The plaintiff contends that the judge erred in admitting Schack's expert report in evidence. After the plaintiff objected to the report, the judge admitted it for the limited purpose of showing Safety's "mindset" when it made its decision to deny coverage, not for the truth of the matters stated therein, and he gave the jury an appropriate limiting instruction. The judge acted within his discretion in admitting Schack's report for this limited purpose. See Pardo v. General Hosp. Corp., 446 Mass. 1, 18 (2006) (not abuse of discretion to admit documents to show that person "had notice or knowledge of their contents").

The plaintiff also asserts that the judge improperly "ordered the removal" of certain agreed-to exhibits from the record. We do not discern any error. In his primary brief, the plaintiff did not provide a citation to the trial transcript showing where the judge issued such an order. In his reply brief, the plaintiff contends that the judge initially allowed his counsel to ask questions about his c. 93A demand letter because the parties had agreed to it as an exhibit, but the

5

portion of the trial transcript to which he cites involved his complaint, not his demand letter.  There, the judge reasonably noted, "Had I been asked to rule on this, I wouldn't even permit it in evidence; but it's your agreement, so it's an agreed to exhibit, so you may proceed."  See G. L. c. 231, § 87 ("In any civil action pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them").  The judge also denied the plaintiff's request to introduce Safety's response to his c. 93A demand letter.  That denial was not an abuse of discretion because Safety's counsel denied at trial that it had agreed to the exhibit, and, in any event, the c. 93A claim was not before the jury.  See Becker v. Eastern Mass. St. Ry. Co., 279 Mass. 435, 444 (1932) (evidence not relevant to issue triable by jury was properly excluded).

2.  Jury instructions.  The plaintiff contends that the judge failed to give jury instructions that he proposed on the insurer's duty to defend and duty to indemnify, the insured's duty to cooperate, and various other issues.  For the most part, however, the plaintiff did not actually propose instructions for the judge to consider.  For example, on the issue of Safety's duty to defend, the plaintiff submitted only a printout of a continuing legal education summary of case law addressing that issue.  At the charge conference, the judge stated that "[t]his is, you know, the hornbook on breach of insurer's duty to

6

defend," and that "if you want me to instruct on that, . . . I need something more tailored than this."  The plaintiff responded, unhelpfully, "Your Honor, you can come up with [something] yourself on there."

To the extent the plaintiff did propose jury instructions, his challenge to their omission fails because he did not satisfy the requirement of Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974).  That rule provides that "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."  Mass. R. Civ. P. 51 (b).  See Rotkiewicz v. Sadowsky, 431 Mass. 748, 750-751 (2000).  The plaintiff's counsel did not object to any of the judge's instructions after they were read, but rather stated that he was "content" with them.  "When no objection is taken to the failure of a judge to give an instruction, and the attention of the judge is not called to the matter, such failure cannot be raised on appeal."  Karen Constr. Co. v. Lizotte, 396 Mass. 143, 149 (1985).  See Flood v. Southland Corp., 416 Mass. 62, 67 (1993) (party must object after judge rules that instructions discussed at charge conference will not be given).[2]

_____

[2] It is true that, prior to the jury charge, the judge circulated draft jury instructions on the plaintiff's contract

7

For the same reason, the plaintiff did not preserve his argument that the judge's instruction on breach of contract unfairly placed the burden on the plaintiff.  Even if he had preserved this issue, we would conclude that it lacks merit. The judge correctly instructed the jury that "the plaintiff must prove . . . that he performed his material obligations under the contract," which included the "obligation to promptly provide accurate information within his knowledge."  Safety's policy required the plaintiff to "cooperate with [Safety] in the investigation, settlement and defense of any claim or lawsuit" and provided that "[f]ailure to cooperate . . . may result in the denial of the claim."  Safety denied the plaintiff's claim on the ground that his "failure to provide [Safety] with factual information in regards to this loss is considered non-cooperation under this policy and thus voids any recovery under said policy."  Contrary to the plaintiff's contention, it was not error to require him to prove that his claim fell within the

_____

and implied covenant claims, and in response the plaintiff noted the absence of an instruction on G. L. c. 176D.  The plaintiff did not actually object to the omission of such an instruction, and, even if he had, he did not renew that objection after the charge as rule 51 (b) requires.  See Flood, 416 Mass. at 67.  We further note that the judge correctly declined to instruct the jury on c. 93A and c. 176D because, as he explained, that claim was not presented to the jury.

coverage of Safety's policy.  See Boazova v. Safety Ins. Co.,
462 Mass. 346, 351 (2012).

3.  The judge's ruling on the c. 93A claim.  The plaintiff
challenges the judge's findings and rulings on the plaintiff's
claim under G. L. c. 93A, § 9, as unsupported by the evidence
and contrary to law.  We do not discern any error.

In his decision, the judge stated that he found the
testimony of Safety's accident reconstruction expert, Parkka, to
be credible, "especially his opinion about the movement status
of [the] plaintiff's vehicle at the time of the accident."  The
judge concluded that this evidence "supported [Safety's]
decision to deny plaintiff's insurance claim" and was
"essentially unrefuted" by the plaintiff, who "failed to offer
any evidence at trial that [Safety] violated G. L. c. 93A
(through 176D)."  On appeal, the plaintiff argues that the judge
erred in crediting Parkka's testimony because he lacked
knowledge of certain facts at issue.  "We accord the credibility
determinations of the judge who 'heard the testimony of the
parties . . . [and] observed their demeanor,' the utmost
deference" (citation omitted).  Ginsberg v. Blacker, 67 Mass.
App. Ct. 139, 140 n.3 (2006).  That Parkka did not know whether
the auto repair shop obtained authorization from the plaintiff
before starting repairs was immaterial to his analysis of how
the accident occurred, particularly where Safety did not

9

authorize the repairs itself.[3]  Further, as discussed, Parkka did not testify about "Mr. Schack[']s report and opinion," as the plaintiff contends, but rather discussed his own opinions based on his independent review of the evidence.

Nor did the judge err in concluding that the plaintiff's c. 93A demand letter did not "'reasonably' describe the unfair and deceptive act or practice alleged and any injuries suffered."  See G. L. c. 93A, § 9 (3) ("At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent"); Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 288 (1985), quoting York v. Sullivan, 369 Mass. 157, 162-163 (1975) (complainant must "define the injury suffered and the relief demanded in a manner that provides the prospective defendant with 'an opportunity to review the facts and the law

_____

[3] The judge found that the plaintiff "did not offer any evidence to support his allegations that [Safety] failed to comply with the policy," and that the evidence showed that Safety complied with its policy by "engag[ing] in an active investigation with its insured and the auto-body shop, and further retain[ing] an expert on automobile damage and causation."  The plaintiff contends that Safety "failed to comply with its own policy to deny supplemental repairs" without authorization by the owner, but the evidence showed that the plaintiff authorized the supplemental repairs of his vehicle after Safety denied them.

involved to see if the requested relief should be granted or denied' and enables him to make 'a reasonable tender of settlement'").  The plaintiff's demand letter, sent to the repair shop and, purportedly, Safety,[4] did not identify any unfair or deceptive act, but rather stated that "[y]our actions in withholding and or converting the car is cruel, callous, unscrupulous and oppressive" and had caused the plaintiff "all kinds of unbearable harm and costs."  The judge correctly concluded that these conclusory statements, "unsupported by any factual allegations," failed to "provide any insight into what specific conduct by the defendants violated Chapter 93A" and thus did not satisfy the prerequisite to suit under c. 93A, § 9. See Spring, supra at 288-289.

Lastly, the judge did not err in concluding that Safety "did not violate Chapter 93A by denying plaintiff's claim based on his frustration of the duty to cooperate."  Although the plaintiff contends that "the car was fully covered by the policy whether or not the accident was a hit while parked or occurred while the car was in motion," the policy specified that an insured's failure to cooperate in Safety's investigation of a

---

[4] In a subsequent letter to the plaintiff's counsel, Safety stated that it had not received the demand letter because it was sent to a former employee of Safety at an address where she did not reside.

claim could justify its denial.  The evidence amply supported the judge's conclusion that the plaintiff frustrated his duty to cooperate "by withholding information about the extent of his vehicle's damage from" Safety.  See Hanover Ins. Co. v. Cape Cod Custom Home Theater, Inc., 72 Mass. App. Ct. 331, 336 (2008) (insured's failure to share information constituted breach of duty to cooperate and prejudiced insurer).  In addition, the plaintiff's failure to cooperate prejudiced Safety by requiring it to retain an accident reconstruction expert in order to determine how the damage to the vehicle's undercarriage occurred and who, if anyone, might be at fault.  See Darcy v. Hartford Ins. Co., 407 Mass. 481, 490-491 (1990).[5]

Conclusion.  We conclude that judgment properly entered for Safety on the plaintiff's claims.  Although Safety requests an award of attorney's fees and costs on the ground that this

_____

[5] The plaintiff's argument that the judge erred in allowing Safety's motion for a directed verdict on his claim of negligent infliction of emotional distress does not rise to the level of appellate argument and we therefore do not consider it.  See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (insufficient basis for appellate consideration where appellant "failed to support his claims of error with sufficient legal argument . . . and fail[ed] to cite to sufficient supporting authority").  See also Gaffney v. Contributory Retirement Appeal Bd., 423 Mass. 1, 6 n.4 (1996) ("[c]onclusory statements in a brief do not rise to the level of appellate argument"); Mass. R. A. P. 16 (a) (9) (A), as amended, 466 Mass. 1401 (2013) ("appellate court need not pass upon questions or issues not argued in the brief").

appeal is frivolous, and the plaintiff requests that we "grant costs and attorney fees at the lower courts including appellate costs," we decline to award attorney's fees and costs to either party.

Judgment affirmed.

By the Court (Sacks, Hodgens & Toone, JJ.[6]),

Clerk

Entered:  March 12, 2026.

---

[6] The panelists are listed in order of seniority.