NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-371

AGUSTIN M. FLORIAN

vs.

BORIS BERGUS & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial pursuant to Superior Court Rule 20(2)(h), the judge entered a verdict on a breach of contract claim in favor of the plaintiff, Agustin M. Florian, M.D. (Florian).[2]  See Rule 20(2)(h) of the Rules of the Superior Court (2018).  Thereafter, the judge ordered the defendants, Boris Bergus, M.D. (Bergus), and Encompass Care Company, Inc. (Encompass), to pay Florian a total of $1,108,141.60, which included damages and prejudgment interest.  The defendants appeal from the entry of final judgment, and we affirm.

---

[1] Encompass Care Company, Inc.

[2] The plaintiff sued for breach of contract and violation of the Wage Act, G. L. c. 149, § 150.  The judge found in favor of the defendants on the Wage Act claim.

1.  Standing.  First, the defendants claim that Florian lacked standing to sue under this contract, specifically alleging that he was an incidental, not an intended, beneficiary of the contract.[3]  We disagree.[4]

Neither party has argued that the contract is ambiguous, and as a result, we may determine whether Florian was an intended beneficiary as a matter of law.  See James Family Charitable Found. v. State St. Bank & Trust Co., 80 Mass. App. Ct. 720, 725 (2011).  To conclude that a beneficiary was to be intended, not incidental, we must determine that

> "recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance" (quotation and citation omitted).

Rae v. Air-Speed, Inc., 386 Mass. 187, 194 (1982).  We will also look at the circumstances of the contract for indicia of intention.  See Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366 (1997).  Furthermore, "there is no

---

[3] The defendants also allege that the principle of equitable estoppel supports finding that Florian does not have standing. Because this claim was not raised at trial in defense of the breach of contract claim, it is waived.  See Boss v. Leverett, 484 Mass. 553, 563 (2020).

[4] Given our resolution of this issue on alternative grounds, we need not address Florian's argument as to an oral contract existing between the parties.

2

requirement that the intended beneficiary be identified by name in the contract." James Family Charitable Found., 80 Mass. App. Ct. at 725.  Here, for the reasons stated below, Florian was an intended beneficiary of the contract, evidenced by the language of the contract and the surrounding circumstances.

At trial, there was testimony that the first draft of the contract named Florian individually, not as a professional corporation.  Florian testified that one of the main reasons he wanted to alter the draft to instead name his professional corporation was for income tax deductions.  In addition, there was testimony that, prior to working for Encompass, Florian's professional corporation had employees other than him.  The other employees included his son, his wife, and his daughter-in-law.  It is evident from the circumstances that, while the professional corporation was named in the contract, Encompass and Bergus were not intending to contract with these other members of the corporation, but rather for the personal surgical and medical skills of Florian specifically, further supporting an intention to give Florian rights under the contract.

Also, the language of the contract stated that there would be compensation for "the professional services personally rendered by [the c]ontractor" (emphasis added), as well as evidence that compensation for these services was very often

3

made to Florian personally, not to Florian, M.D., P.C. The

defendants also initiated their own breach of contract claim

against Florian, and named Florian personally, not as a

professional corporation. From these facts, it follows that the

performance of Florian, personally, was necessary to effectuate

the intention of the parties, and that Florian was intended to

receive the benefit after performance was satisfactory to the

defendants.[5] See generally Browning-Ferris Indus., Inc. v.

Casella Waste Mgmt. of Mass., Inc., 79 Mass. App. Ct. 300, 309

(2011) ("There is no surer way to find out what parties meant,

than to see what they have done" [citation omitted]).

2. Damages award. The defendants also claim the evidence

at trial was insufficient to support the award of damages in the

amount of $657,799.[6] We disagree.

In trials proceeding under Superior Court Rule 20(2)(h),

> "we review the judgment according to the standard of review
> that would apply to a verdict by a jury in a case tried to
> a jury and to the judgment entered thereon. That is,
> construing the evidence in the light most favorable to the

---

[5] As part of his argument, Bergus relies on Choate, Hall & Stewart v. SCA Services, Inc., 378 Mass. 535 (1979). Choate focused on specifically on creditor beneficiaries and therefore is inapposite. Id. at 543-548.

[6] As part of their challenge to the damages award, the defendants argue that the evidence at trial did not comport with the best evidence rule. This argument is raised for the first time on appeal, and therefore it is waived. See Boss, 484 Mass. at 563.

judgment, the question is whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the" plaintiff here. (Quotations and citations omitted).

Nicosia v. Burn, LLC, 496 Mass. 792, 800 (2025).

"The amount of damages awarded is a factual issue reviewed on appeal under an abuse of discretion standard." Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 424 (2005). In determining "damages in an action for breach of contract," the rule "is that the plaintiff is entitled in general to damages sufficient in amount to compensate him for the loss actually sustained by him, and to put him in as good position financially as he would have been if there had been no breach" (citation omitted). Pierce v. Clark, 66 Mass. App. Ct. 912, 914 (2006). The plaintiff has the burden of proving damages with reasonable certainty, and while damages cannot be based on pure speculation, mathematical precision is not required. See Don v. Soo Hoo, 75 Mass. App. Ct. 80, 85 (2009). "The fact that there is an element of uncertainty in their assessment is not a bar to recovery" (alteration and citation omitted). Carlo Bianchi & Co. v. Builders' Equip. & Supplies Co., 347 Mass. 636, 646 (1964). In fact, a damages award can even suffice on meager evidence. Id. "To overturn such an award, we would have to determine that it was clearly excessive

5

in relation to what the plaintiff's evidence had demonstrated damages to be" (quotation, alteration, and citation omitted). Spinosa v. Tufts, 98 Mass. App. Ct. 1, 10 (2020).

Viewing the evidence through the deferential lens applicable here, we conclude there was a sufficient factual basis to support the award of breach of contract damages in the amount of $657,799. There was detailed testimony regarding the specifics of Florian's work. Florian testified that he conducted endovascular laser treatments and cosmetic surgeries at Encompass. He testified that he saw between three and fifteen patients a day at Encompass, and that he worked two to three days at first, gradually increasing his schedule to about four days of work a week. There was testimony that Florian generated between $800,000 to $890,000 in revenue in 2012, over $1 million in revenue in 2013, and also testimony that stated that these revenue totals did not include the revenue from the cosmetic work that Florian did for Encompass. There was also evidence that Florian's patient load increased over the years he worked for Encompass, and that every year that Florian worked there, Encompass's business increased twenty to twenty-five percent.

The above evidence supports a finding, conservatively, that Florian earned at least $4 million in net cash receipts over his

almost five years working for Encompass, considering his approximate yearly revenue from vein treatment. The contract agreement states that the "[c]linic shall pay [c]ontractor thirty percent (30%) of the net cash receipts, with a minimum guaranteed payment of [o]ne [t]housand ($1,000.00) [d]ollars per service day." Crediting the plaintiff's evidence over the defendants' contradictory evidence, as was within the judge's discretion, see Calderone v. Wright, 360 Mass. 174, 176 (1971), Florian ought to have been paid $1.2 million, or thirty percent of $4 million. The parties agreed at trial that Florian received at least $433,052 from Encompass during his time working there. Therefore, the judge was within his discretion to find that the evidence supports damages of up to $766,948. Much of the defendants' arguments on appeal amount to credibility disputes, which we do not disturb under the deferential standard applicable here, as "the judge, who has a firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of the evidence" (quotation and citation omitted). Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510 (1997).[7]

---

[7] The defendants also claim that the court erred in relaxing the burden of proof that Florian needed to establish damages. They state that the "meager state" of Florian's evidence is proof that the judge held Florian to a relaxed burden of proof.

7

3.  Prejudgment interest.  Finally, the defendants claim that the judge erred by awarding Florian prejudgment interest from October 13, 2015, rather than from the date of commencement of the action, which was April 21, 2016.  This argument is waived and therefore we do not consider it.

Prejudgment interest on damages in cases based on contractual obligations shall be calculated "from the date of the breach or demand . . . [and] [i]f the date of the breach or demand is not established, [prejudgment] interest shall be added by the clerk of the court from the date of the commencement of the action."  G. L. c. 231, § 6C.  The defendants claim that Florian never established the date of the breach or demand, and therefore, the prejudgment interest should have been calculated from the date of the commencement of the action.

Rule 20(8)(b) of the Rules of the Superior Court states that in Rule 20(2)(h) trials, "parties waive all arguments in the trial court or on appeal that require or depend upon the existence of detailed written findings of fact."  Rule 20(8)(b) of the Rules of the Superior Court (2018).  "The date of an alleged breach is a question of fact for the trier of fact." Karen Constr. Co. v. Lizotte, 396 Mass. 143, 149 (1985).  It

---

But this claim ignores the deferential standard we must apply here.

8

follows that where there was no finding as to the date of breach, and the defendants did not request a finding,[8] but in fact waived all detailed findings pursuant to Rule 20(2)(h), the defendants cannot now complain that the date of breach was not established.[9]  Cf. Karen Constr. Co., 396 Mass. at 148-149 (where judge did not instruct jury to find date of breach for prejudgment interest purposes, and parties did not object to judge's failure, argument as to date of breach cannot be raised on appeal).

Judgment affirmed.

By the Court (Blake, C.J.,
  Meade & Tan, JJ.[10]),

Clerk

Entered:  March 26, 2026.

---

[8] The record before us demonstrates that the defendants did submit special questions to the judge, which the judge denied including on the verdict slip.  However, the actual content of those questions is not in the record before us.

[9] Given our resolution of this matter on alternative grounds, we decline to address the defendants' argument as to the date of demand.

[10] The panelists are listed in order of seniority.